**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-538 SRC |
| | ) | |
| BRAD SCHIMEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two filings by self-represented plaintiff Manetirony Clervrain.  ECF Nos. 4-5.  On April 24, 2020, the Court found plaintiff to be a three-striker under 28 U.S.C. § 1915(g), and not under imminent danger of serious physical injury.  As a result, the Court directed plaintiff to pay the full filing fee if he wanted this case to proceed.  ECF No. 3.  In response, plaintiff filed a motion to proceed *in forma pauperis* (ECF No. 4) and a letter with the Court that appears to be "requesting a 45 day extension" to prove that 28 U.S.C. § 1915(g) does not apply to him because he is in Immigration and Customs Enforcement (ICE) custody (ECF No. 5).  In the interest of judicial economy and for the reasons discussed below, the Court will grant plaintiff's motion to proceed *in forma pauperis*, deny plaintiff's motion for an extension of time as moot, and dismiss this case for improper venue and failure to state a claim.

### Case Background

Plaintiff initiated this action by filing a document titled "Motion for Supplemental Injustice Adversely Affected ['The Ants'] and for Related Matter for Justification Act ('TAJA')."  ECF No. 1.  Plaintiff did not file a motion to proceed *in forma pauperis*, nor did he pay the required filing fee.  However, a review of court records revealed that plaintiff is a

frequent filer of federal lawsuits and that he has three strikes under 28 U.S.C. § 1915(g).  Based
on a review of plaintiff's filing, the Court found no "imminent danger of serious physical
injury."  28 U.S.C. § 1915(g).  As such, filing a motion for *in forma pauperis* would be futile, so
the Court ordered plaintiff to pay the full filing fee in this matter within twenty-one (21) days.
ECF No. 3.

The details of plaintiff's 210-paged "Motion" complaint are difficult to decipher.  Like
motions filed by plaintiff in many other courts across the country, the motion he filed to initiate
this suit contains a lot of legal labels but few factual assertions.  The sentences are mostly
incomprehensible with long lists of bracketed and quoted words.  Plaintiff's motion seems to be
arguing for the enactment of a new law called the "Immigration Reform Comprehensive Act
("IRCA")."  ECF No. 1 at 1.  The proposed law would provide new policies on determining
nationality claims, illegal detention of people based on their race, and deportation.  *Id.* at 2-7.
Plaintiff seeks to "abolish[] apartheid, Mass Deportation and Mass incarceration."  *Id.* at 41.

In the caption of the filing, plaintiff names as defendants (or "respondents"): "Brad
Schimel, et al."  ECF No. 1 at 1.  Although plaintiff refers repeatedly to "defendants" throughout
his filing, the Court can find no other party named in the filing that plaintiff intends as a named
defendant besides Brad Schimel.  Plaintiff does include a section in the filing titled "List of
Parties."  *Id.* at 11.  However, no additional defendants are named in this section such that the
Court can decipher who plaintiff intends to include in the "et al." of his caption.  Besides the
caption, the Court can find only one other mention in the filing of defendant Brad Schimel.
Schimel is named in what appears to be a list of cases filed by plaintiff in other district courts
across the country.  *Id.* at 17 ("MANETIRONY CLERVRAIN V.S BRAD SCHIMEL … 19 CV-
503-JPS").

2

## Plaintiff's Background

After an extensive review of Court records out of Oklahoma, Kansas, Maryland, Texas, Pennsylvania, and Florida, the Court has a better understanding of plaintiff's background and how it relates to the motion filed in this case.  Plaintiff is a native and citizen of Haiti.  *See Clervrain v. Castenade*, No. 1:19-CV-00046-H, ECF No. 34 at 1 (N.D. Tx. order dated Nov. 21, 2019).  He was admitted to the United States as a lawful permanent resident in 1997.  *Id.*  On August 3, 2007, while living in Florida, plaintiff filed an application for naturalization.  *See Clervrain v. Sessions*, No. 18-3039-SAC, ECF No. 16 at 2 (D. Kan. Feb. 12, 2018).  Plaintiff appeared for an examination of his application on December 9, 2008.  The U.S. Citizenship and Immigration Services issued a decision on September 14, 2009, denying naturalization, after an investigation and examination of the application.  The stated reason for the denial was "poor moral character," and was based on plaintiff's two convictions for 'Driving While License Suspended – Habitual Offender (3rd degree felony).'  *Id.*

On September 30, 2011, in the Southern District of Florida, plaintiff was convicted of conspiracy to commit mail and wire fraud, and conspiracy to commit wire and bank fraud.  *United States v. Clervrain*, No. 1:11-CR-20074-JIC, ECF No. 90 (S.D. Fla. July 25, 2011); *United States v. Clervrain*, No. 1:11-CR-60173-JIC, ECF No. 21 (S.D. Fla. July 25, 2011).  Plaintiff was sentenced to concurrent terms of 108 months' imprisonment with the Bureau of Prisons (BOP), followed by three (3) years of supervised release.  *Id.*  Plaintiff was released from his 108-month term on August 29, 2019.  *See Clervrain v. Castenade*, No. 1:19-CV-00046-H, ECF No. 34 at 2.  However, the United States Department of Homeland Security initiated removal proceedings against plaintiff on April 2, 2019, on the basis that he had been convicted of an aggravated felony.

3

*Id.* at 1.  As such, plaintiff went directly from BOP custody to ICE custody.  Plaintiff filed this case on April 1, 2020.

### Motion to Proceed In Forma Pauperis

There is no doubt that plaintiff had at least three actions dismissed as frivolous, malicious, or for failure to state a claim while in BOP custody, thereby acquiring three strikes under 28 U.S.C. § 1915(g).  *See* ECF No. 3 at 2.  However, the Court acknowledges that a question of whether the statute includes plaintiff exists, as he was an immigration detainee when he filed this suit.  *See Williams v. Scalleta*, 11 F.App'x 677, 678 (8th Cir. 2001) (explaining that three-strike provision refers to "the individual's status at the time the civil action is filed or appealed.").  The statute prohibits a "prisoner" from bringing an action after having acquired three strikes.  28 U.S.C. § 1915(g).  "Prisoner" is defined as: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Although plaintiff is being "detained," it is not for a "violation of criminal law," because the Supreme Court has stated that issues of removal of aliens from the United States is a civil matter and not a criminal one.  *Arizona v. United States*, 567 U.S. 387, 396 (2012) ("Removal is a civil, not criminal, matter.").  *But see Clervrain v. Castenade*, No. 1:19-CV-00046-H, at 7 (N.D. Tx. order dated Nov. 21, 2019) (where, despite plaintiff being in ICE custody, the district court found that plaintiff "is barred from proceeding without prepayment of the filing fee under the three-strikes provision of Section 1915(g).").

However, because plaintiff's case is subject to dismissal for multiple other reasons, the Court finds that it would be a waste of judicial resources to allow briefing by plaintiff on this issue. The Court finds that plaintiff lacks the financial resources to pay the filing fee.  Therefore,

4

plaintiff's motion to proceed *in forma pauperis* will be granted.  ECF No. 4.  As a result, plaintiff's letter to the Court, construed as a request to show cause as to why the three strikes provision of 28 U.S.C. § 1915(g) does not apply to him, will be denied as moot.  ECF No. 5.

### Discussion

This case is subject to dismissal for improper venue under 28 U.S.C. § 1391(b), and for failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B).  As such, the suit will be dismissed without prejudice.

## I.    Improper Venue

Plaintiff has alleged no basis upon which to conclude that venue lies in this Court.  Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.  If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Although plaintiff uses "et al." and refers to multiple defendants in this matter, he only names one defendant:  Brad Schimel.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").  Plaintiff provides no factual allegations concerning Brad Schimel sufficient to allow the Court to discern who he is or what he allegedly did to plaintiff.  The only mention of Schimel is his name in a list of other cases filed by plaintiff.  ECF No. 1 at 17 ("MANETIRONY CLERVRAIN V.S BRAD SCHIMEL … 19 CV-503-JPS").

The Court believes this citation refers to a case filed in the Eastern District of Wisconsin which also named Brad Schimel as a defendant. *See Clervrain v. Walker et al.*, No. 2:19-CV-503-JPS (E.D. Wis. Apr. 8, 2019). In that case, plaintiff described defendant Brad Schimel as "Attorney General of Wisconsin." *Id.* at ECF No. 1 at 4. Presumably, defendant Schimel resides in the state of Wisconsin. Plaintiff does not explain how this Wisconsin defendant has any connection with Missouri. Nor does plaintiff allege any events or omissions that could be understood to give rise to any claim within this judicial district. Based on a reading of plaintiff's motion, there is absolutely no indication as to why he filed this suit in this Court. It appears plaintiff is just filing cases with courts across the country, regardless of whether venue is proper. In sum, none of the requirements of § 1391 are present in this case and venue is therefore improper. As such, this Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case because it is also subject to dismissal for failure to state a claim.

## II.       Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint

6

states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

In this case, plaintiff has alleged no facts from which the Court could liberally construe a claim for relief. Plaintiff's filing is almost completely devoid of facts altogether. Instead, it contains legal conclusions and arguments. There are no well-pleaded facts which demonstrate a plausible claim for relief.

Because this judicial district is not the proper venue for this suit and because the allegations of the complaint fail to state a claim upon which relief may be granted, this case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Manetirony Clervrain's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED**. The filing fee is waived in this matter.

**IT IS FURTHER ORDERED** that plaintiff's letter to the court, construed as a motion for forty-five (45) days to show cause as to why the three strikes provision of 28 U.S.C. § 1915(g) does not apply to him [ECF No. 5], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for improper venue and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of June, 2020.

_SL R. CL_

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

8