**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-538 SRC |
| | ) | |
| BRAD SCHIMEL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed case is before the Court on four motions filed by self-represented Plaintiff

Manetirony Clervrain.  ECF Nos. 9-12.  On June 9, 2020, the Court dismissed this case for

improper venue and failure to state a claim.  ECF Nos. 6-7.  Plaintiff has now filed motions titled:

(1) "Motion for Consideration by '*Reasoning Power*' as ['Related Matter(s)'] to Invoke the ANT's

Treatment Act ('TAFA');" (2) "Motion for Marshall Service Against Unreasonable Restriction(s)

and by Invoking ['the ANTS'] Representative Class Act ('TARCA');" (3) "Motion(s) for

Preventing ['Mass Deportation'] within Reason(s) by Congress, to Invoke ['*the ANT(s)*] Reform

Act ('TARA');" and (4) "Motion for Performance within Reason(s) and Evidence by Invoking the

ANT's Fear Liability Act ('TAFLA')."[1]  ECF Nos. 9-12 (emphasis and brackets in original).

Like the Complaint filed in this case, and like motions Plaintiff has filed in courts across

the country, the motions currently before the Court are mostly incomprehensible.  *See* ECF No. 6

at 2-3.  Plaintiff uses emphasis and bracketing extensively in very long sentences organized by

---

[1] It is unclear why Plaintiff's caption on these four motions list the defendant as "Waldermar Rodriquez, et al."  ECF Nos. 9-12 at 1.  According to Plaintiff, Waldermar Rodriquez is with the Department of Homeland Security, Immigration Custom Enforcement.  ECF Nos. 9 at 20; 11 at 22.  Similarly, in the opening paragraph of his third motion on "Mass Deportation," Plaintiff incorrectly lists the defendants in this matter.  ECF No. 11 at 1.  Regardless, Brad Schimel is the only defendant of record in this matter.  *See* ECF Nos. 1 at 1; 6 at 5-6 (discussing Plaintiff's use of "et al." and reference to multiple defendants in this matter).

non-sequentially numbered and lettered paragraphs.  Plaintiff denotes himself when he references

the "ANT" and the Acts which Plaintiff seeks to invoke relief under (i.e., the Treatment Act, the

Representative Class Act, the Reform Act, and the Fear Liability Act), appear to be his own legal

creations and not existing legislative statutes.  *See* ECF Nos. 9-12 at 1.  In addition, many of the

arguments made by Plaintiff appear to involve issues relevant to motions filed by Plaintiff in other

cases before other Courts and are not pertinent or applicable to the instant case.

Liberally construing the arguments in Plaintiff's self-represented motions, the Court

assumes that Plaintiff filed these motions in an attempt to alter or amend the judgment in this

closed case.[2]  Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a

judgment upon a motion filed no later than 28 days after entry of the judgment.[3]  Rule 59(e)

gives the Court power to rectify its own mistakes in the period immediately following the entry

of judgment.  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).  Rule 59(e) motions

are limited, however, to correcting "manifest errors of law or fact or to present newly discovered

evidence."  *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases

omitted).  Such motions cannot be used to introduce new evidence, tender new legal theories, or

---

[2] Plaintiff does mention Rule 59 in one of his four motions before the Court.  In an argument about avoiding summary judgment (which is not at issue here) and the removal of people from this country, Plaintiff states: "Their Criminal Enterprise by withheld individual in detention without no cause, and this motion is filling in accordance with rule _59_ for the courts to alter his judgments by considering for controversy."  ECF No. 11 at 7 (emphasis in original); *see also* 11 at 17 (citing Fed. R. Civ. P. 59(e)).  Later in the same motion Plaintiff mentions reconsideration again: "That is of course a request to make a legal or factual correction in the judgment by the court order, such as Plaintiff's request, for which he brought as a motion to reconsider. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx 949, 959 (6th Cir. 2004)."  *Id.* at 12.  The Sixth Circuit case cited to by Plaintiff examines a denial of a motion for reconsideration of an interlocutory order (which is not at issue here).  Despite these references to Rule 59, Plaintiff fails to make any arguments in support of reconsideration of the specific judgment in this matter.

[3] It is unclear whether Plaintiff filed these motions within 28 days of entry of judgment as required by Rule 59(e).  The order of dismissal was entered in this case on June 9, 2020.  ECF No. 7.  Plaintiff's four post-judgment motions were not received by the Court until August 10, 2020.  ECF No. 9-1.  However, the motions have varying dates of signature and it unknown when they were given to prison authorities for mailing.  *See* ECF Nos. 9 at 21, 23 (dated May 8, 2020, which is prior to dismissal); 10 at 6-7 (dated June 22, 2020); 11 at 23, 25 (dated June 22, 2020); 12 at 9-10 (dated June 19, 2020).  Regardless, Plaintiff's motions will be denied for other reasons.

raise arguments that could have been presented prior to judgment.  Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion.  *Id.*

The Court dismissed this case for improper venue and failure to state a claim.  Plaintiff's four pending motions present no evidence of a manifest error of law or fact, or any newly discovered evidence.  The motions make the same arguments previously considered by the Court.  As to improper venue, Plaintiff simply states: "Of course this case should not be dismiss[ed] because of improper venue."  ECF No. 9 at 15.  However, Plaintiff makes no arguments in support of that legal conclusion.[4]  Therefore, after reviewing the motions, the Court will decline to alter or amend the judgment of this Court.  Plaintiff's four post-judgment motions will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's (1) "Motion for Consideration by '*Reasoning Power*' as ['Related Matter(s)'] to Invoke the ANT's Treatment Act ('TAFA');" (2) "Motion for Marshall Service Against Unreasonable Restriction(s) and by Invoking ['the ANTS'] Representative Class Act ('TARCA');" (3) "Motion(s) for Preventing ['Mass Deportation'] within Reason(s) by Congress, to Invoke ['*the ANT(s)*] Reform Act ('TARA');" and (4) "Motion for

---

[4] Plaintiff makes a few statements referencing Missouri or people from Missouri, but nothing that can be interpreted as arguments pertaining to venue.  In one motion Plaintiff states: "As a result of the agencies, and based upon the court [clarification we ask if the Plaintiff should have ever been in ["*apartheid*"] by the defendant widespread practice that include Missouri state officials."  ECF No. 9 at 15 (emphasis and brackets in original).  Plaintiff also states multiple times that "he can mail his complaints across the country contain[ing] facts against the defendants in their jurisdiction."  ECF Nos. 9 at 18; 11 at 20.  As discussed in the dismissal order, the only defendant in this matter, Brad Schimel, does not appear to have any connection with this Missouri venue.  *See* ECF No. 6 at 6 (discussing Plaintiff's description of Brad Schimel as the "Attorney General of Wisconsin," with no alleged connection to Missouri).  Also, although Plaintiff describes "**Eric Greitens**, Governor of the State of Missouri" and "**Josh D Hawley**, Senator of Missouri," as defendants in this case, they are not named defendants.  *See* ECF No. 11 at 1-2 (emphasis in original).  As such, reference to government officials from Missouri who are not named defendants has no relevance to proper venue in this matter.

Performance within Reason(s) and Evidence by Invoking the ANT's Fear Liability Act ('TAFLA')

are **DENIED**.  [ECF Nos. 9-12]

   **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 27th day of August, 2020.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

4