**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MANETIRONY CLERVRAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:20-CV-00538 SRC |
| ) | |
| BRAD SCHIMEL, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## Memorandum and Order

This closed case is before the court on self-represented plaintiff Manetirony Clervrain's notice of appeal, motion for leave to proceed *in forma pauperis* on appeal, and five *pro se* motions for relief.  Docs. 14-15, 17-21.  On June 9, 2020, the Court dismissed this case for improper venue and failure to state a claim.  Docs. 6-7.  On August 27, 2020, the Court denied four post-judgment motions filed by Plaintiff, which were construed as motions to alter or amend the judgment.  Doc. 13.  Plaintiff has now filed five additional *pro se* motions titled: (1) "Motion for Marshall Services and Compelling Needs Illegal Theory by the National Treatment Principal Act ('NTPA')" (Doc. 14); (2) "Motion for Compelling Within Reason(s) and Duty to Mitigating Undue Act(s) by the National Treatment Principal Act ('NTPA')" (Doc. 15); (3) "Motion for Congressional Power and Apex Disposition Concerns by Invoking the Detainee(s) Issues Freedom Treatment Act ('DIFTA')" (Doc. 19); (4) "Motion for Consideration by Mitigating Undue Financial Burdens or ['*En Banc*'] by the ANT(s) Systematic Treaties Act ('TASTA')" (Doc. 20); and (5) "Motion for Marshall Services and Compelling Needs Illegal Theory by the National Treatment Principal Act

('NTPA')" (Doc. 21).[1]  On the same date that Plaintiff filed the first two of these motions, he also filed a notice of appeal and motion for leave to proceed *in forma pauperis* on appeal.  Docs. 17-18.

"The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal."  *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) (quoting *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoted case omitted)).  But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal.  *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003).

It is unclear whether Plaintiff intends his five *pro se* motions to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason).[2]  Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164–65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).  Rule 59(e) requires that any motion to alter or amend judgment be filed no later than 28 days after entry of the judgment.  The Court issued its Order of Dismissal on June 9, 2020.  Doc. 7.  The five post-judgment motions currently before the Court were all signed by Plaintiff between September 8-29, 2020.  Docs. 14 at 13, 15 at

---

[1] Plaintiff's motions docketed as numbers 14 and 21 have the same title and are nearly identical in content. However, they were signed and mailed for filing by Plaintiff on different dates.

[2] In one of Plaintiff's five motions he references both Rule 59(e) and 60(b); however, he does not state under which Rule his motion is being brought, nor does he make legal arguments relevant to either Rule.  *See* Doc. 19 at 11, 34.

7, 19 at 95, 20 at 20, 21 at 16.  To the extent Plaintiff seeks relief under Rule 59(e), the Court denies Plaintiff's motions as untimely.

Even if an appeal is already pending, a district court retains jurisdiction to deny a motion for relief from a judgment or order brought under Rule 60(b),[3] because a denial is in furtherance of the appeal.  *Hunter*, 362 F.3d at 475.  When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has explicitly instructed that a district court should consider the motion and assess its merits.  *Id*.

Like the Complaint filed in this case, like the motions Plaintiff has filed in courts across the country, and like the four prior motions to alter or amend already considered by the Court in this matter, the five *pro se* motions currently before the Court are mostly incomprehensible, incoherent, and irrelevant.  Plaintiff's arguments in these motions have no relation to the grounds on which this case was dismissed – improper venue and failure to state a claim.  In many instances, the arguments in the motions are not even relevant to this case, referencing rulings from other courts.  Plaintiff's motions fail to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment.  After reviewing the grounds raised by Plaintiff in these motions for reconsideration, the Court declines to provide Plaintiff with relief

---

[3] Federal Rule of Civil Procedure 60(b) states:
   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

from final judgment in this matter. Plaintiff is therefore not entitled to reconsideration of the dismissal of his Complaint, and the Court denies his motions.

When the Court dismissed this action, it certified in writing that an appeal from the dismissal would not be taken in good faith. *See* Docs. 6 & 7; 28 U.S.C. § 1915(a)(3). As a result, Plaintiff's motion for leave to proceed *in forma pauperis* on appeal will also be denied.

Finally, Plaintiff has abused the judicial process of this Court and has wasted the Court's limited resources by filing hundreds of pages of repetitious and frivolous post-judgment motions. To prevent further wasting of the Court's resources, the Court will prohibit Plaintiff from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

Accordingly, the Court denies Plaintiff's "Motion for Marshall Services and Compelling Needs Illegal Theory by the National Treatment Principal Act ('NTPA')" [Doc. 14]; "Motion for Compelling Within Reason(s) and Duty to Mitigating Undue Act(s) by the National Treatment Principal Act ('NTPA')" [Doc. 15]; "Motion for Congressional Power and Apex Disposition Concerns by Invoking the Detainee(s) Issues Freedom Treatment Act ('DIFTA')" [Doc. 19]; "Motion for Consideration by Mitigating Undue Financial Burdens or ['*En Banc*'] by the ANT(s) Systematic Treaties Act ('TASTA')" [Doc. 20]; and "Motion for Marshall Services and Compelling Needs Illegal Theory by the National Treatment Principal Act ('NTPA')" [Doc. 21].

The Court denies Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [Doc. 18].

The Court further orders that Plaintiff shall, within thirty (30) days of the date of this Order, either pay the $505 appellate filing fee or file a motion in the United States Court of Appeals for the Eighth Circuit for leave to proceed *in forma pauperis*.

The Court further orders that Plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

The Court further orders that Plaintiff is prohibited from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

Finally, the Court orders that the Clerk of Court shall not file any motions or documents from Plaintiff with the above case caption, with the exception of a notice of appeal or appellate documents, and shall instead return such motions or documents to Plaintiff.

Dated this 23rd day of October, 2020.

SLR.CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE